IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HOME & GARDEN PARTY, LTD. d/b/a CELEBRATING HOME, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. |
| v. | § § | |
| FUSION PERFORMANCE MARKETING, LLC | § § § | JURY DEMANDED |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Home & Garden Party, Ltd. d/b/a Celebrating Home ("Celebrating Home" or "Plaintiff") files this, its Original Complaint, against Defendant Fusion Performance Marketing, LLC ("Fusion" or "Defendant"), and in support of its claims, shows as follows:

### PARTIES

1. Celebrating Home is a Texas limited partnership with its principal place of business in Harrison County, Texas.

2. Fusion is a Missouri limited liability company with its principal place of business in Missouri. Fusion may be served with process by serving its Texas registered agent, CT Corporation System, 350 N. Paul Street, Suite 2900, Dallas, Texas 75201.

### VENUE AND JURISDICTION

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties in a matter where the amount in controversy exceeds $75,000.

4.   Fusion is subject to general and specific jurisdiction in Texas. Fusion generally conducts and solicits business in Texas, and provides services to clients in Texas. Fusion also has an office in Dallas, Texas, and maintains a registered agent in Texas.

5.   Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

6.   Celebrating Home was founded in 1996 with a mission of creating a direct marketing business that would bring families and friends together through selling and sharing home entertaining and decorating accessories and ideas.

7.   Individuals who market and sell home entertaining and directing accessories through Celebrating Home are referred to as "Designers." Today, Celebrating Home works with over 50,000 Designers, decorating consultants, and personal shoppers.

8.   Fusion is a marketing company that provides and markets, among other things, "incentive programs." Under these programs, Fusion organizes and implements programs under which participants can earn points that can ultimately be redeemed for merchandise. The points system is intended to incentivize participants to increase participation, sales, and interest in those organizational activities that are rewarded. Fusion also designs and implements technology platforms to assist in the operation of these incentive programs.

9.   On or about December 9, 2009, Celebrating Home and Fusion entered into a letter agreement (the "Agreement") under which Fusion was to provide its services and create an incentive program customized for Celebrating Home. A true and correct copy of the Agreement is attached as Exhibit 1 to this Complaint.

10. Fusion made certain representations and promises in this Agreement regarding the benefits that Celebrating Home would receive. These included: (1) "a concrete ROI [Return on Investment] in terms of increased performance of business results; (2) "[s]ales will be increased by increasing the frequency of desired behaviors"; and (3) "[r]etention will be improved because Designers will have many more reasons to stay."

11. The term of the Agreement was for "the calendar years of 2010 and 2011." At that point, the Agreement would terminate on its own terms unless an extension was requested by "both parties."

12. Aside from financial obligations, Celebrating Home had no obligations under this Agreement other than to "adhere to the development timeline" to begin the operation of the incentive program by May 15, 2010, and to allow Fusion the "first right of refusal for the production content and show management" for a particular meeting in Nashville, Tennessee. Celebrating Home complied with all of its requirements under the Agreement.

13. Fusion provided monthly invoices to Celebrating Home for those services it provided at specific events or when there were redeemed points under the incentive program. Fusion never indicated that its invoices were not complete or that additional amounts for the same time periods would be billed at a later date. Celebrating Home paid all of the timely sent invoices, resulting in payments of approximately $600,000 over the course of the two years of the Agreement.

14. However, despite allowing Fusion's incentive program to remain in place for two years, those representations and promises made by Fusion in the Agreement turned out to be false. Celebrating Home did not experience a return on investment as promised, and sales of its products, as well as retention of its Designers, actually decreased.

15. Accordingly, Celebrating Home let the Agreement expire on its own terms at the end of 2011. Celebrating Home also informed Fusion on more than one occasion of its intention to let the Agreement terminate.

16. Astoundingly, beginning in April 2012, and continuing until October 2012, Fusion began sending additional invoices (the "Invoices"). The largest of the Invoices, for more than $80,000, related to alleged and inexplicably never-before-billed fees and labor charges over the course of 2010 and 2011, including for charges related back to the initial months of the Agreement. In sum, the Invoices total $95,029.65. A true and correct copy of the Invoices is attached as Exhibit 2.

17. Aside from the untimely nature of the Invoices, including being sent months after the termination of the Agreement – and in some cases years after the alleged charges would have accrued – the Invoices are invalid. For example, Invoice No. 25031, sent on April 12, 2013—more than 3 months after the Agreement terminated on its own terms—bills for "36 months" of "Custom URL" and "SSL Certificate" services, despite the Agreement only lasting for two years.

18. Further, this same invoice bills for "23 months" of "Hosting." Likewise, and confusingly, this specific invoice seeks amounts for "20 months" of "Fusion Program Labor," and further identifies "3 months remaining to be billed." In other words, Fusion is billing for monthly fees and/or labor charges allegedly incurred over the course of two years that were confoundingly never previously billed, despite Fusion sending monthly invoices over the duration of the Agreement. Moreover, this particular invoice purports to bill for "3 months remaining to be billed," which, while not exactly a model of clarity, presumably is announcing Fusion's intention to bill for future labor not yet provided on an Agreement that was already terminated.

19. Additionally, Fusion sent Invoice Nos. 25045, 25188, and 25273 for the months of March-June 2012 for "Fusion Program Labor." Similarly, Fusion sent Invoice Nos. 25340, 25407, 25458, and 25527 for the Months of July-October 2012 for "Celebrating Home Program Labor," allegedly billed at "actual usage." All of these invoices were thus sent based on a terminated Agreement for a program that was no longer operating and for which Fusion was no longer providing labor.

20. Fusion has demanded that it be paid for these false and fraudulent invoices that seek unrecoverable amounts allegedly owed pursuant to the terminated Agreement. Accordingly, a dispute exists concerning the respective rights and obligations of the parties under the Agreement.

## CAUSES OF ACTION

### A. First Cause of Action: Breach of Contract

21. Celebrating Home incorporates herein the allegations set forth in the paragraphs above.

22. Fusion entered into a contract with Celebrating Home under which it made various promises and representations, including (1) "a concrete ROI [Return on Investment] in terms of increased performance of business results; (2) "[s]ales will be increased by increasing the frequency of desired behaviors"; and (3) "[r]etention will be improved because Designers will have many more reasons to stay."

23. Fusion has breached its contract with Celebrating Home by failing to provide the services and performance promised in the Agreement, even though Celebrating Home paid out approximately $600,000 to Fusion over the life of the Agreement.

24. Based on the foregoing, Celebrating Home has been damaged in an amount in excess of this Court's jurisdictional minimum.

**B.        Second Cause of Action: Declaratory Judgment**

25.    Celebrating Home incorporates herein the allegations set forth in the paragraphs above.

26.    A dispute exists concerning the respective rights and obligations of the parties under the Agreement that can be resolved by this Court's entry of declaratory judgment. An actual controversy exists as to whether Fusion has a legal right or ability to recover for those amounts listed in the Invoices. Specifically, a controversy exists as to whether the Invoices sent months after the termination of the Agreement, covering amounts allegedly incurred over the prior two years for fees for which Celebrating Home had never been charged or notified of by Fusion (despite Fusion sending monthly invoices to Celebrating Home during the term of the Agreement), and for services and labor that Fusion was not providing, are valid invoices for which Fusion would be entitled to recover the billed amounts.

27.    Celebrating Home therefore requests that the Court enter a declaratory judgment declaring:

(a)    the Agreement's duration was for the calendar years of 2010-2011, and terminated at the end of 2011 on its own terms;

(b)    Celebrating Home had a right to rely upon the monthly invoices as accurate representations of the amounts Fusion would be charging it for the preceding months;

(c)    Fusion waived and/or is estopped from seeking and is not entitled to those amounts listed in the Invoices for services or fees incurred in 2010-2011;

(d)    Fusion waived and/or is estopped from seeking and is not entitled to additional amounts under the Agreement invoiced after the Agreement terminated at the

end of 2011 (other than any amounts attributable to work in the preceding month, i.e., a January 2012 bill for December 2011 time);

(e)     Fusion is not entitled to amounts for labor, fees, and services allegedly provided in 2012 because the Agreement was terminated and thus no longer valid or enforceable, excepting those amounts billed for the redemptions of points accrued in 2011 by Designers as specified in Invoice Nos. 25492 and 25526; and

(f)     Fusion may not invoice and is not entitled to seek amounts for services, labor, or fees for a period greater than the duration of the Agreement, which was 24 months.

## C.     Third Cause of Action: Attorneys' Fees

28.     Celebrating Home incorporates herein the allegations set forth in the paragraphs above.

29.     Celebrating Home is entitled to recover its reasonable attorneys' fees and costs pursuant to Chapters 37 and 38 of the Texas Civil Practices & Remedies Code. Accordingly, Plaintiff seeks recovery of its reasonable attorneys' fees and costs in pursuit of this action.

## CONDITIONS PRECEDENT

30.     All conditions precedent to Plaintiff's claims have been performed, been waived, or have occurred.

## JURY DEMAND

31.     Celebrating Home hereby makes its jury demand.

## PRAYER

Plaintiff Home & Garden Party, Ltd. d/b/a Celebrating Home respectfully requests judgment from this Court against Defendant for its damages as described above, including

without limitation, actual and benefit-of-the bargain damages, declaratory relief, as well as attorneys' fees and expenses, court costs, prejudgment and postjudgment interest at the maximum rate allowed by law, and such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Neal J. Suit
Neal J. Suit
  State Bar No. 24041988
Carrington, Coleman, Sloman &
  Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333
nsuit@ccsb.com

***COUNSEL FOR PLAINTIFF HOME & GARDEN PARTY, LTD. D/B/A CELEBRATING HOME***